# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DAYRIMUS PORTER,

                Plaintiff,

v.

DAVID A. CLARKE, JR., OFFICER
BLUE, OFFICER BROOKS, BIO
CLEANERS, NURSE GRAY, and JOHN
AND JANE DOES,

                Defendants.

Case No. 16-CV-1686-JPS

**ORDER**

The plaintiff, who is incarcerated at Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The prisoner's trust fund account statement reveals that he lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on July 10, 2016, he was booked into the Milwaukee County Jail (the "Jail") and placed in the special needs unit on suicide watch. (Docket #1 at 2). The cell had feces on the wall and the plaintiff's mattress was exposed to urine. *Id.* This caused the plaintiff to suffer an "outbreak" of some type on his skin, causing rashes and boils. *Id.* He further alleges that he suffered numerous spider bites. *Id.* at 3.

The plaintiff alleges that he told Officers Blue ("Blue") and Brooks ("Brooks") about the conditions but does not say what they did in response. *Id.* He also informed Nurse Gray ("Gray") of his medical problems, but again

Case 2:16-cv-01686-JPS    Filed 01/12/17    Page 3 of 9    Document 10

fails to relate her response. *Id.* The plaintiff filed a grievance on the issue, and was told that he should have mentioned the cell's unclean condition as soon as he was placed in it, and Jail staff would have cleaned it. *Id.*; (Docket #1-1). He alleges that the defendants failed "to uphold Wisconsin state statute 302.37(1)(a)(B)," and that his cell's condition amounted to cruel and unusual punishment. (Docket #1 at 4).

Other than Blue, Brooks, and Gray, none of the other defendants have any factual allegations tied to them. Without such allegations, they cannot remain as defendants in this lawsuit. Even as to Blue, Brooks, and Gray, the plaintiff's allegations fall short of stating viable claims. The Eighth Amendment governs claims regarding unsanitary prison conditions, imposing liability on prison officials when "(1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of "the minimal civilized measure of life's necessities,"' and (2) where prison officials are deliberately indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). While the plaintiff's allegations would certainly pass the screening threshold as to the first element, they offer nothing on the second. The plaintiff is silent on what Blue and Brooks did after he told them about his cell conditions.

He similarly fails to establish Gray's liability. It appears the plaintiff is dissatisfied with Gray's medical care. An Eighth Amendment claim for inadequate medical care requires proof that "[the [plaintiff] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) this indifference caused [him] some injury." *Gayton v. McCoy*, 593 F.3d 610, 620

Case 2:16-cv-01686-JPS   Filed 01/12/17   Page 4 of 9   Document 10

(7th Cir. 2010). Assuming without deciding that the first and third elements are adequately pleaded, the plaintiff states nothing on Gray's response to being told about his medical problems or his subsequent course of treatment.

The Wisconsin Supreme Court has held that negligence claims may be brought for violations of duties established by Chapter 302 of the Wisconsin statutes. *Swatek v. Cnty. of Dane et al.*, 531 N.W.2d 45, 57 (Wis. 1995). The Court again assumes, without deciding, that the plaintiff appropriately pleaded such a claim as to any defendant. Even had he done so, the claim is based purely upon state law. Because the plaintiff states no viable federal claims, the Court would have no jurisdiction of a state law negligence claim. *See* 28 U.S.C. §§ 1331-1332.

The Court finds that the plaintiff has failed to state any viable claims for relief. It will nevertheless provide him with an opportunity to amend his complaint. If the plaintiff elects to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein.  The amended complaint must be filed on or before **February 2, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action without further notice. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is further advised that a  successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd.*

Case 2:16-cv-01686-JPS   Filed 01/12/17   Page 5 of 9   Document 10

*of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Finally, the Court addresses the plaintiff's motion to supplement his complaint. (Docket #4). This motion will be denied as moot, as the plaintiff now has an opportunity to include any relevant allegations in his amended complaint. The Court nevertheless offers additional instruction for the plaintiff's benefit. His motion appears to claim that "the plaintiff's public defender, trial judges [sic] and district attorney" conspired to retaliate against him for filing this action. *Id.* at 1. Assuming such a claim would even be viable, it could not be brought as part of this lawsuit.

The Seventh Circuit instructs that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Federal Rule of Civil Procedure 18(a) provides that a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or

Case 2:16-cv-01686-JPS   Filed 01/12/17   Page 6 of 9   Document 10

alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The additional claim the plaintiff proposes in his motion has nothing to do with the facts underlying his original claims, and the sets of defendants are entirely different. The Court cautions the plaintiff that attempting to include claims in violation of the *George* rules will result in their dismissal.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **February 2, 2017**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement his complaint (Docket #4) be and the same is hereby **DENIED as moot**;

Case 2:16-cv-01686-JPS   Filed 01/12/17   Page 7 of 9   Document 10

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his shall collect from the plaintiff's prisoner trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

Page 8 of 9

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge